Citation Nr: 1532762 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 05-25 431 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Whether the character of the appellant's discharge is a bar to VA Loan Guaranty eligibility.


REPRESENTATION

Appellant represented by: Michael E. Wildhaber, Attorney


ATTORNEY FOR THE BOARD

Robert J. Burriesci, Counsel


INTRODUCTION

The appellant had active service from July 1968 to March 1973.

This appeal comes before the Department of Veterans Affairs (VA) Board of Veterans Appeals (Board) from a May 2004 decision of the VA Regional Office in New York, New York that denied eligibility for VA loan guaranty purposes based on the character of discharge.

The case was remanded by Board decision in November 2007. Thereafter, in May 2013 the Board denied the Veteran's claim. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In a Memorandum Decision dated in October 2014, the Court vacated the Board's May 2013 decision and remanded for further consideration.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Under VA law and regulations, and for benefits purposes, a veteran is a person discharged or released from active service under conditions other than dishonorable. 38 U.S.C.A. § 101(2); 38 C.F.R. § 3.1(d). VA benefits are not payable unless the period of service upon which the claim is based was terminated by discharge or release under conditions other than dishonorable. 38 U.S.C.A. § 5303; 38 C.F.R. § 3.12(a). 

Generally, if a person receives a discharge under other than honorable conditions that was issued for a period of absent without official leave (AWOL) for a continuous period of at least 180 days, the discharge will serve as a bar to the receipt of VA benefits. 38 C.F.R. § 3.12(c)(6). This type of discharge will not be a bar if it is found that the person was insane at the time of committing the offense. 38 C.F.R. § 3.12(b). Nor will the discharge serve as a bar if there are compelling circumstances to warrant the prolonged absence. 38 C.F.R. § 3.12(c)(6).

In determining whether there are compelling circumstances to warrant a prolonged absence, the length and character of service exclusive of the period of prolonged AWOL will be considered. Service exclusive of the period of prolonged AWOL should generally be of such quality and length that it can be characterized as honest, faithful and meritorious and of benefit to the Nation. 38 C.F.R. § 3.12(c)(6)(i). Consideration is also given to the reasons offered for going AWOL, including family emergencies or obligations, or similar types of obligations or duties owed to third parties. The reasons for going AWOL should be evaluated in terms of the person's age, cultural background, educational level, and judgmental maturity, and consideration should be given to how the situation appeared to the person himself, and not how the adjudicator might have reacted. Hardship or suffering incurred during overseas service, or as a result of combat wounds or other service-incurred or aggravated disability, is to be carefully and sympathetically considered in evaluating the person's state of mind at the time the prolonged AWOL period began. 38 C.F.R. § 3.12(c)(6)(ii).

In May 2004 the RO determined that the appellant's military service did not entitle him to VA benefits. An April 2004 Administrative Decision found that the appellant's service was considered to be under dishonorable conditions for VA purposes based upon a finding that the appellant was given an other than honorable discharge and was AWOL for a total of 989 days. The RO explained that no compelling reasons were given for the time lost and there was no evidence shown that he was not mentally responsible for his actions.

In May 2013 the Board noted that neither the appellant's service treatment nor his service personnel records were of record and that many attempts had been made over the years to retrieve them that had been unsuccessful. The Board reported that a Beneficiary Identification Records Locator Subsystem (BIRLS) Veteran Identification Data sheet had been received showing that during the period of his service, he had 989 non-pay days. The separation reason code was unknown. The discharge from service was characterized as other than honorable.

The Board identified that there was a United States of America Certification of Military Service dated November 11, 1975, showing his service dates and the fact that the appellant's service was terminated by Discharge Under Other Than Honorable Conditions. 

Certifications of Military Service dated in November 2002 and October 2003 were received indicating that the appellant was discharged under honorable conditions. 

In a March 2003 letter the Deputy Director of Veterans Affairs of the County of Nassau Veterans Service Agency wrote that as Deputy Director of Veterans Affairs for Nassau County, and an accredited American Legion Service Representative, he had requested and received a fax of the appellant's DD-214 that was mailed to the appellant. It was reported that this document showed a general discharge under honorable conditions.

In December 2008 the Department of the Army responded to a request for information pertaining to any "upgrade" of the appellant's service. Their tracking system indicated that applications were received from the appellant in February and August 2005 but that they were both closed without action because records were on loan to another agency. 

Correspondence dated in October 1977 and April 1978 from the Army Discharge Review Board informing the appellant that his file was being returned to him without action because there was insufficient documentation to arrive at a fair and equitable adjudication of his case under the DOD Discharge Review Program.

Certifications of Military Service dated in June 1983, October 2003, January 2004, and August 2004 all show that service had been terminated by a Discharge Under Other Than Honorable Conditions.

A Memorandum of Formal Finding on the Unavailability of Official Military Records showing discharge upgrade was appended to the record in December 2011 documenting the numerous efforts that had been expended to verify the character of the appellant's service.

In May 2013 the Board found that the Certificates of Military Service submitted by the appellant were not probative and indicated a deceptive intent and an attempt to manipulate the evidence in his favor. The Board based this determination on the Certificates of Military Service submitted by the appellant being incongruous with certificates of military service during the same timeframe, the appellant's unwillingness to submit evidence with a service department seal directly to VA for verification, and his mailing of a DD-214 showing service discharge under honorable conditions to a representative that has never been sent to VA in support of the claim. Further, the Board reported the reasons for the other than honorable discharge are not clearly delineated. The Board found that the appellant was AWOL for 989 days during active service between July 1968 and March 1973 out of a total enlistment of 1697 days, more than half his time in the military. Based on these numbers, the Board inferred that the appellant did indeed have a continuous period of AWOL for at least 180 days or more. The Board found that the evidence as it stood did not rise to the level of compelling circumstances to justify AWOL of 989 days and there was no evidence that the Veteran was insane when he went AWOL. 

The Court in its October 2014 Memorandum Decision, reported that the Board stated that the reasons for other than honorable discharge are not clearly delineated because of the absence of official records. However, the Board nevertheless "inferred that the appellant had a continuous period of AWOL of at least 180 days based on the number of non-pay days, 989, which constituted more than half of his 1,697 days of active service. The Court found that there the Board made the assumption that the 989 non-pay days may only be accounted for as AWOL. However, the Court found that that there was nothing in the record explaining what during the period of the appellant's service would constitute a non-pay day and, even assuming that the non-pay days occurred due to AWOL status, it was not clear how it was determined that such status constituted a continuous period of at least 180 days. The Court further identified that the Board, in a November 2007 remand, found that it was not clear that § 3.12(c)(6) was for application when there was no evidence showing that the appellant's 989 non-pay days constituted 180 continuous days of AWOL status. No evidence was added since that time to explain the character of or basis for the non-pay days. 

The Court found that although the appellant expressed reservations about mailing the original documents to VA he offered to bring them in person to VA office for inspection. The Court reported that the lack of an official seal on the Certifications could be remedied. "The failure of a photocopier, fax machine, or scanner to capture a raised seal or stamp on a document can be remedied by shading the seal or stamp with a pencil before scanning, faxing, or photocopying the document."

Subsequent to Court's Memorandum Decision, the appellant, via his representative submitted copies of certifications of military service, dated in November 2002 and October 2003, indicating a character of termination of service of under honorable conditions. The documents have raised seals and are accompanied by a letter from the appellant's representative noting that this was accomplished by shading with a pencil. 

Although copies of additional certifications of military service dated in November 2002 and October 2003, showing a shaded seal and a character of service of under honorable conditions have been submitted by the appellant, another certification of military service dated also October 2003 and received from the National Archives and Records Administration (NARA) via National Personnel Records Center (NPRC) reveals an other than honorable discharge. In addition, later certifications of military service, a certificate of military service dated in January 2004 and August 2004 reveal service was terminated by other than honorable discharge. Although the certifications of military service do not show the raised seal, they draw into question the validity of the certifications submitted by the appellant. As such, on remand, attempts must be made to obtain certification of military service regarding the appellant with an official seal directly from NARA.

As noted above in a March 2003 letter the Deputy Director of Veterans Affairs of the County of Nassau Veterans Service Agency reported that he received a fax of the appellant's DD-214 that had been mailed to the appellant. The DD-214 reportedly showed a general discharge under honorable conditions. The DD-214 has not been associated with the claims file. Contact the appellant and request a copy of his DD-214. After obtaining any necessary authorization, request a copy of the appellant's DD-214 from the County of Nassau Veterans Service Agency.

As noted above, the Court found that that there was nothing in the record explaining what during the period of the appellant's service would constitute a non-pay day and, even assuming that the non-pay days occurred due to AWOL status, it was not clear how it was determined that such status constituted a continuous period of at least 180 days. On remand, attempts must be made to obtain an explanation from an appropriate source as to what constitutes a non-pay day.

The BIRLS report notes that the appellant was separated from service with a grade of E-1 and the certifications of military service reveal that the appellant's grade was private. The Installation Clearance Record associated with the claims file reveals that the appellant had a grade of SP4E4, that his conduct was fair, and his efficiency was good. The reduction of grade suggests that the appellant may have subsequently been the subject of military discipline. As such, in an attempt to identify the nature of the reported 989 days of non-pay status, attempts must be made to obtain blotter reports, military police reports, and/or Criminal Investigation Division reports which list the appellant as a subject during his service from the appropriate source.

Lastly, he record is unclear whether the appellant's non-pay status days were due to him being in AWOL status. The Installation Clearance Record indicates that the Veteran was assigned to Company D, 1st Battalion, (Ambl), 502d Airborne Infantry. In an attempt to determine the appellant's status, attempt to obtain unit records regarding soldiers reported AWOL and dropped from the rolls for the appellant's period of service. In addition, attempt to obtain any records regarding the appellant from the Absentee Deserter Apprehension Program and any predecessor program from the appropriate source.

Accordingly, the case is REMANDED for the following action:

1. Request a Certification of Military Service, with raised seal, directly from NARA.

2. Contact the appellant and request a copy of his DD-214.

3. After obtaining any necessary authorization, request a copy of the appellant's DD-214 from the County of Nassau Veterans Service Agency.

4. Obtain from a proper source an explanation of what can constitute non-pay status during the period of the appellant's service.

5. Contact the appropriate repository for military law enforcement records and attempt to obtain blotter reports, military police reports, and/or criminal investigation division reports which list the appellant as a subject during the appellant's period of service.

6. Contact the appropriate repository of records regarding the Absentee Deserter Apprehension Program and any predecessor program and attempt to obtain records regarding the appellant.

7. Thereafter, readjudicate the issue. If the benefit remains denied, the appellant and his representative should be provided a supplemental statement of the case and given an appropriate opportunity to respond. The case should then be returned to the Board for further consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).